# EXHIBIT A

AT&T

**Paula Finlay**
Assistant Vice President -
Senior Legal Counsel

**AT&T Services, Inc.**
1010 Pine Street
St. Louis, MO 63101

T: 314-779-6227
paula.finlay@att.com

October 24, 2025

Via Email adam@acweisslaw.com
Adam Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, NY 11542

RE: John Revy v. AT&T Services, Inc.
Management Arbitration Agreement

Dear Mr. Weiss:

I represent AT&T Services, Inc. (the "Company") and I have been advised of the lawsuit you filed against the Company in the United States District Court, Eastern District of New York, on behalf of John D. Revy.

Please be advised that Mr. Revy is bound by AT&T's Management Arbitration Agreement ("Agreement") (a copy of which is enclosed), whereby he agreed to arbitrate the claims in this lawsuit rather than pursuing them in court.

The Company informed Mr. Revy of the Agreement by e-mail on November 30, 2011, which contained a link to the Agreement. The Company also notified Mr. Revy that he could decide whether to opt-out of the Agreement by February 6, 2012. If he did not opt out, the email explained, he would be bound by the terms of the Agreement. The Company followed up this initial communication by sending Mr. Revy two identical reminder e-mails on December 15, 2011 and January 18, 2012.

Despite having the option to do so, Mr. Revy did not opt out of the Agreement. Accordingly, he is bound by the terms of the Agreement and must arbitrate his claims. *Stephenson v. AT&T Servs., Inc.*, No. 21-0709, 2021 WL 3603322 (E.D. Pa. Aug. 13, 2021); *Bolden v. AT&T Servs., Inc*. (D. Ks. Case No. 18-2306-JWL, Oct. 10, 2018); *Payne v. AT&T Mobility Servs., LLC* (W.D. Ky. Case No. 3:17-cv-00649-CRS, Feb. 16, 2018); *Stewart v. AT&T Mobility Servs., LLC*, No. SACV 17-02076-CJC (C.D. Cal. Feb. 5, 2018); *Inzerillo v. AT&T Mobility Servs., LLC*, No. 4:17-cv-00841-HFS (W.D. Mo. Jan. 18, 2018); *Powe v. AT&T Mobility, LLC*, No. 3:15-cv-00022-GFVT (E.D. Ky. Mar. 25, 2016); *Versmesse v. AT&T Mobility, LLC*, No. 3:13-cv-171, 2014 WL 856447 (N.D. Ind. 2014); *Couch v. AT&T Servs., Inc.*, No. 13-cv-2004 (DRH)(GRB), 2014 WL 7424093 (E.D.N.Y. Dec. 31, 2014); *Wagman v. AT&T Mobility Services, LLC, et al.*, No. 14CV05477 (Or.–Multnomah Cty. Sept. 17, 2014); *Danielski v. AT&T*, Cause No. D-1-GN-14-000718 (Tex. Dist.–Travis Cty. May 28, 2014).

The Company requests that you voluntarily dismiss the pending lawsuit you brought on behalf of Mr. Revy without prejudice. If he wants to pursue his claims, you may initiate arbitration as set forth in the Agreement. If you do not dismiss the pending lawsuit, the Company will file a

motion to compel arbitration. Please advise me no later than November 4, 2025 if you will dismiss the pending lawsuit.

Please do not hesitate to contact me with any questions.

Sincerely,

Paula Finlay

Paula Finlay

PF/sh
Enclosure

cc: Kenneth Gage (w/ enclosure)
Sara Tomezsko (w/ enclosure)

## Important Notice Regarding Management Arbitration Agreement

The Management Arbitration Agreement that appears below provides for employees and AT&T to use independent, third-party arbitration rather than courts or juries to resolve legal disputes. **It is very important that you read this Agreement, as it affects your rights.**

The decision whether or not to participate in the arbitration process is entirely up to you. No one will be subjected to pressure or retaliation in connection with this decision. If, contrary to this assurance, you believe you have experienced any pressure or retaliation, please contact the AT&T Hotline (888-871-2622).

**Should you choose not to participate, you must opt out -- that is, decline to participate in the arbitration process -- no later than 11:59 p.m. Central Standard Time on Monday, February 6, 2012.** If you do not opt out by the deadline, you are agreeing to the arbitration process as set forth in the Agreement. If you choose to opt out, use this link http://mycsp.edc.cingular.net/csp_forms/opt_out_form.asp, which will take you to the site where you can electronically register your decision to opt out. That site will generate and send to you written confirmation of your decision to opt out.
Once you have completed your review of the Agreement, please click the "Review Completed" button, whether or not you choose to opt out.

If you have any questions about this Agreement, please contact OneStop (Dial 1-888-722-1787, then speak "Employee Service Hotline").

## MANAGEMENT ARBITRATION AGREEMENT

***Please carefully review this new Management Arbitration Agreement. Your decision in this matter is important.***

**Summary**

Under this Agreement, you and the AT&T company that employs you ("the Company") agree that any dispute to which this Agreement applies will be decided by final and binding arbitration instead of court litigation. Arbitration is more informal than a lawsuit in court, and may be faster. Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Under this Agreement, Arbitrators can award the same damages and relief that a court can award. Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted. Except for a filing fee if you initiate a claim, the Company pays all the fees and costs of the Arbitrator. Moreover, in arbitration you are entitled to recover attorneys' fees from AT&T to the same extent as you would be in court.

**How This Agreement Applies**

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 and following, and evidences a transaction involving commerce. This agreement applies to any claim that you may have against any of the following: (1) any AT&T company, (2) its present or former officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, and all successors and assigns of any of them; and this agreement also applies to any claim that the Company or any other AT&T company may have against you. Unless stated otherwise in this Agreement, covered claims include without limitation those arising out of or related to your employment or termination of employment with the Company and any other disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, defamation, retaliation,

discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and state statutes and local laws, if any, addressing the same or similar subject matters, and all other state and local statutory and common law claims. This Agreement survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you from utilizing the Company's or employee benefit plans' existing internal procedures for resolution of complaints.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court. This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of a court or jury trial. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement, which shall be determined only by a court of competent jurisdiction.

**Limitations On How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits. In order to ensure that employee benefit plan claims procedures comply fully with Department of Labor regulations (for example, 29 C.F.R. § 2560.503-1(c)(4)), this Agreement also does not apply to claims arising under the Employee Retirement Income Security Act ("ERISA").

This Agreement does not apply to any pending lawsuit that was on file in any federal or state court and to which you were a party as of December 1, 2011. Nor does this Agreement apply to any pending alleged or certified class, collective, or representative lawsuit that was on file in any federal or state court as of December 1, 2011, in which you were reasonably identifiable as a class member (or in the case of representative action, a beneficiary) as of that date.

Regardless of any other terms of this Agreement, you may still bring certain claims before administrative agencies or government offices or officials if applicable law permits access to such an agency, office, or official, notwithstanding the existence of an agreement to arbitrate. Examples would include, but not be limited to, claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/ofccp/). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or employee benefit plan in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to a pre-dispute arbitration agreement, such as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), also are excluded from the coverage of this Agreement.

**To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in: any class action; collective action; or representative action, including but not limited to any representative action under the California Private Attorneys General Act ("PAGA") or other, similar state statute. You retain the right, however, to bring claims in arbitration, including PAGA claims, but only for yourself as an individual. If a court determines that you cannot waive your right to bring a representative action under PAGA, any such claim may only be brought in court and not in arbitration.**

**Arbitration Rules, Selecting The Arbitrator, And Location Of Hearing**

The arbitration will be held under the auspices of a third party which will manage the arbitration process: JAMS, Inc. or any successor. The arbitration shall be in accordance with its Employment Arbitration

Rules & Procedures (and no other JAMS rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration. The Company will supply you with a printed copy of those rules upon your request. Unless you and the Company mutually agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to JAMS rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

Unless each party to the arbitration agrees in writing otherwise, the location of the arbitration proceeding shall be a facility chosen by JAMS within the county (or parish) where you work or last worked for the Company. If you so choose, and if your residence is not in the same county (or parish) where you work or last worked for the Company, you may designate that the proceeding will occur within the county (or parish) where you reside.

**Notice Requirements And Starting An Arbitration**

The Company must, and you may, notify the other party of a claim to be arbitrated by using the forms provided on the JAMS website (www.jamsadr.com.) Alternatively, you may commence an arbitration against the Company, its officers, directors, employees, or agents by sending to the Company a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: AT&T Legal Department, 208 S. Akard St., Room 3305, Dallas, TX 75202 ("Notice Address"). The Notice must (a) identify all parties, (b) describe the nature and basis of the claim or dispute; and (c) set forth the specific relief sought ("Demand"). Any party giving written notice of a claim to be arbitrated must do so no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.

The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. To the extent permitted by law, a party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be rendered ineffectual without such provisional relief.

**Paying For The Arbitration**

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which you are (or were last) employed by the Company. Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

**How Arbitration Proceedings Are Conducted**

In arbitration, the parties will have the right to conduct limited civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

Each party shall have the right to take depositions of up to three fact witnesses and any expert witness designated by another party. Each party also shall have the right to make one request for production of documents to any party. Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement. The Arbitrator may grant such additional discovery if the Arbitrator finds the party has demonstrated that it needs the requested discovery to adequately arbitrate the claim,

taking into account the parties' mutual desire to have a fast, cost-effective dispute-resolution mechanism. Each party shall have the right to subpoena documents and witnesses from third parties subject to any limitations the Arbitrator shall impose for good cause shown.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party shall have the right to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

**The Arbitration Award**

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator.

The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**Non-Retaliation**

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Ethics and Compliance Hotline (888-871-2622)

**Sole and Entire Agreement**

This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**

If any provision of this Agreement is adjudicated to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All provisions shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.