UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN D. REVY, Case No.: 25-cv-05744

Plaintiff,

v.

AT&T SERVICES INC.,

Defendant.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY ALL PROCEEDINGS**

THE LAW FIRM OF ADAM C. WEISS, PLLC
Attorneys for Plaintiff
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323
adam@acweisslaw.com

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF RELEVANT FACTS ....................................................................... 2

APPLICABLE STANDARD........................................................................................... 2

ARGUMENT ................................................................................................................... 3

POINT I

THE MAKING OF THE ARBITRATION AGREEMENT IS GENUINELY IN ISSUE, REQUIRING DENIAL OF THE MOTION OR, AT MINIMUM, A TRIAL .................... 3

A. AT&T Is Not Entitled to a Presumption of Receipt to Manufacture Contractual Assent from Silence. ................................................................................ 4

B. Even If the Presumption Applied, Mr. Revy's Declaration Rebuts It and Creates a Triable Issue. ........................................................................................... 5

POINT II

AT&T'S DECLARATIONS ARE INSUFFICIENT TO CARRY ITS BURDEN OF PROVING DELIVERY TO MR. REVY ...................................................................... 6

POINT III

AT A MINIMUM, THE COURT SHOULD ORDER LIMITED DISCOVERY AND PROCEED TO TRIAL ON ARBITRABILITY ................................................................ 7

CONCLUSION................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Alvarez v. Coca-Cola Refreshments, USA, Inc.*, 914 F. Supp. 2d 256 (E.D.N.Y. 2012)...........4

*Barrows v. Brinker Rest. Corp.*, 36 F.4th 45 (2d Cir. 2022) ..........................................*passim*

*Bensadoun v. Jobe-Riat*, 316 F.3d 171 (2d Cir. 2003) ...........................................................3

*CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550 (2021)...............................................................7

*Couch v. AT&T Servs., Inc.*, No. 13-cv-2004 (DRH)(GRB), 2014 WL 7424093 (E.D.N.Y. Dec. 31, 2014) ..............................................................................................................................6

*Fiveco, Inc. v. Haber*, 11 N.Y.3d 140 (2008) ...........................................................................5

*Manigault v. Macy's E.,* LLC, 318 F. App'x 6 (2d Cir. 2009)..................................................6

*Meckel v. Cont'l Res. Co.*, 758 F.2d 811 (2d Cir. 1985)..........................................................4

*Weiss v. Macy's Retail Holdings, Inc.*, 741 F. App'x 24 (2d Cir. 2018) ..................................5

**Statutes**

9 U.S.C. § 4.........................................................................................................................3, 7

**PRELIMINARY STATEMENT**

AT&T asks this Court to strip Mr. Revy of his right to a jury and to litigate his discrimination claims in court based on three emails it contends it sent to him roughly fourteen years ago. AT&T's theory is that Mr. Revy received those emails, understood that taking no action would surrender his right to sue, and then silently consented to that surrender by continuing to work. Each link in that chain is contested, and several of them AT&T cannot prove at all.

First, the agreement's formation is genuinely in dispute. AT&T relies on a presumption of receipt borrowed from a body of law concerned with whether a sender has discharged a duty to dispatch, not with whether a recipient has knowingly entered a contract. That presumption has no proper place where, as here, a party seeks to manufacture contractual assent from a recipient's silence. At most, AT&T's evidence supports an inference that emails were sent. It does not establish that Mr. Revy received them, opened them, clicked through to the agreement, read it, or made any decision about it at all. New York contract law requires a clear and unequivocal agreement to arbitrate, and silence in the face of an unseen email cannot satisfy that standard.

Second, the governing standard forecloses the relief AT&T seeks. The Federal Arbitration Act permits a court to compel arbitration only where the making of the agreement is not in issue. Where it is in issue, the Act commands a trial. Mr. Revy's sworn declaration, submitted herewith as Exhibit A, categorically denies that he opened the emails, denies that he ever accessed or assented to the agreement, and sets out specific facts corroborating that denial. Under controlling Second Circuit authority, such a declaration is admissible evidence that may create a genuine dispute of material fact.

For the reasons set forth below, AT&T has not carried its burden, and its motion to compel arbitration and to stay these proceedings should be denied.

## STATEMENT OF RELEVANT FACTS

Mr. Revy began his employment with AT&T on June 8, 2009. Compl. ¶ 20. For most of the thirteen years that followed, he worked as an individual sales professional, ultimately rising to the position of Senior Application Sales Associate Director. Compl. ¶ 21. He assumed a management role in February 2021, when he became a manager and assembled the team at issue in this action. Compl. ¶ 27. AT&T terminated his employment on July 15, 2022. Compl. ¶ 127.

AT&T's motion rests on a Management Arbitration Agreement that, by AT&T's own account, it distributed by email to its management employees, *see* Reyes Decl. ¶¶ 11–14, beginning on November 30, 2011, with follow-up emails on December 15, 2011 and January 18, 2012, and an opt-out deadline of February 6, 2012, *see* Reyes Decl. ¶¶ 13, 14, 18. AT&T contends that these emails reached Mr. Revy's work email address, that he failed to opt out, and that he thereby agreed to arbitrate any dispute with the Company. As set forth below, AT&T cannot establish that the emails ever reached Mr. Revy or that he assented to anything. Mr. Revy did not open or read the emails on which AT&T relies. He never accessed the linked agreement or entered any credentials to do so, and he never made any decision to surrender his right to litigate disputes with AT&T in court. *See* Revy Decl. (Ex. A) ¶¶ 3-7. The circumstances of his email use during the relevant period, set forth in his accompanying declaration, further undermine AT&T's claim that its mass-distribution system reliably delivered the emails to him. *Id.* ¶ 5.

## APPLICABLE STANDARD

The Federal Arbitration Act does not authorize a court to compel arbitration whenever a party waves an arbitration agreement before it. The Act directs a court to compel arbitration only upon being satisfied that the making of the agreement is not in issue. Where the making of the agreement *is* in issue, the Act requires the court to proceed to trial on that threshold question. 9

U.S.C. § 4. The Second Circuit applies a standard analogous to that governing summary judgment motions. A court may order arbitration as a matter of law only where there is no genuine dispute of material fact as to the formation of the agreement, and the court must draw all reasonable inferences in favor of the party resisting arbitration. *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45 (2d Cir. 2022); *Bensadoun v. Jobe-Riat*, 316 F.3d 171 (2d Cir. 2003).

The party seeking to compel arbitration bears the initial burden of demonstrating that an agreement to arbitrate was made. *Barrows*, 36 F.4th 45. Only once that burden is met does any obligation shift to the opposing party to come forward with evidence substantiating a denial of formation. *Id.* Critically, the Second Circuit has made clear that a sworn declaration is admissible evidence that may not be disregarded as merely self-serving, and that a categorical, specific denial is sufficient to raise a genuine dispute of material fact that defeats a motion to compel. *Id.* The court drew a deliberate line between a witness's mere failure to recall an event, which does not suffice, and a categorical denial supported by evidence, which may. *Id.*

As shown below, AT&T cannot carry its threshold burden of proving that an agreement was formed with Mr. Revy, and the dispute over receipt and assent is, at a minimum, genuine. Either conclusion requires denial of the motion.

## ARGUMENT

## POINT I

## THE MAKING OF THE ARBITRATION AGREEMENT IS GENUINELY IN ISSUE, REQUIRING DENIAL OF THE MOTION OR, AT MINIMUM, A TRIAL

Even if AT&T had shown that the agreement was offered to Mr. Revy, its motion would still fail, because the central premise that Mr. Revy received the emails and thereby assented is squarely disputed and cannot be resolved on this record. AT&T attempts to bridge the gap with a

presumption of receipt. But that presumption does not apply to the formation of a contract by silence, and even if it did, Mr. Revy's declaration rebuts it and creates a triable issue.

### *A. AT&T Is Not Entitled to a Presumption of Receipt to Manufacture Contractual Assent from Silence.*

AT&T's argument depends entirely on a presumption that an email properly dispatched through regular business procedures is presumed to have been received. That presumption, however, originates in the law of notice and service of process—contexts in which the sender's only duty is to dispatch a communication in a manner reasonably calculated to reach the recipient. In those settings, proof that the sender performed its duty to send suffices, regardless of whether the recipient actually saw the communication, because the law asks only whether notice was properly given, not whether a contract was formed. *See Meckel v. Cont'l Res. Co.*, 758 F.2d 811 (2d Cir. 1985).

Forming a contract is a fundamentally different undertaking. As Judge Cogan of this District explained in addressing a materially identical opt-out arbitration program, providing notice is not the same as forming a contract, and a party that seeks to bind another to an agreement by treating inaction as assent should not enjoy the same presumption of receipt available to a party merely giving notice. *Alvarez v. Coca-Cola Refreshments, USA, Inc.*, 914 F. Supp. 2d 256 (E.D.N.Y. 2012). In *Alvarez*, the employer mailed opt-out arbitration materials, the materials were not returned as undeliverable, and the employee claimed he never received them. *Id.* The court reasoned that the materials unilaterally extended an offer to an unwitting recipient and declared that his complete inaction would constitute acceptance. *Id.* On those facts, the court held that the employer's proof established, at most, an inference that the materials had been sent. There was no

presumption of receipt sufficient to establish that the employee had knowingly entered a contract and that the employee's denial therefore created an issue of fact requiring a trial. *Id.*

That reasoning controls here. AT&T's emails purported to extract from his silence a waiver of his constitutional right to a jury and his statutory right to sue in court. New York law does not permit such a waiver to be inferred lightly. A party may not be compelled to arbitrate absent evidence of a clear, explicit, and unequivocal agreement to do so. *Fiveco, Inc. v. Haber*, 11 N.Y.3d 140 (2008). Inaction in response to an email that a recipient never saw cannot constitute the clear and unequivocal assent that New York requires. Because AT&T's evidence establishes nothing more than an inference of sending, it has not shown the clear agreement necessary to compel arbitration, and the motion should be denied.

***B. Even If the Presumption Applied, Mr. Revy's Declaration Rebuts it and Creates a Triable Issue.***

Even if AT&T were entitled to a presumption of receipt, that presumption is rebuttable, and Mr. Revy has rebutted it. The Second Circuit has recognized that a sworn declaration is competent evidence that a court may not discount as self-serving. *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45 (2d Cir. 2022).

Mr. Revy categorically affirms that he never opened or read the emails that allegedly formed the arbitration agreement at issue. Revy Decl. (Ex. A) ¶4. He further sets forth specific corroborating facts concerning his email practices during the relevant period and the circumstances that make AT&T's claimed delivery unreliable as to him. *Id.* ¶5. A categorical denial of this kind, supported by corroboration, is precisely what the Second Circuit has held sufficient to create a triable issue. *Barrows*, 36 F.4th 45; *cf. Weiss v. Macy's Retail Holdings, Inc.*, 741 F. App'x 24 (2d

Cir. 2018) (employee rebutted presumption with a corroborated account, rather than a bare denial, that the materials never arrived).

AT&T relies on *Couch v. AT&T Services, Inc.*, which compelled arbitration against an employee who denied receiving similar emails. That decision does not control here, for two independent reasons. First, *Couch* rested on the rebuttable presumption of receipt adopted in *Manigault v. Macy's East*, 318 F. App'x 6 (2d Cir. 2009), an unpublished summary order that carries no precedential weight. As Judge Cogan explained in *Alvarez*, the *Manigault* presumption is borrowed wholesale from *Meckel*, a notice case, and is unsound as applied to contract formation, because a party seeking to extract assent from silence should not be entitled to the same rebuttable presumption of receipt to which a party giving notice is entitled. *Alvarez*, 914 F. Supp. 2d at 258-59. The very foundation on which *Couch* rests is the foundation this Court should decline to follow. Second, *Couch* predates the Second Circuit's published guidance in *Barrows* concerning the weight that must be given to a categorical sworn denial, and it addressed a record in which the employee offered nothing more than an unadorned denial of receipt. Here, by contrast, Mr. Revy offers a categorical denial corroborated by specific facts, and AT&T's threshold showing suffers from the foundational gaps described in Point II. The presumption, if it applies at all, is rebutted.

## POINT II

## AT&T'S DECLARATIONS ARE INSUFFICIENT TO CARRY ITS BURDEN OF PROVING DELIVERY TO MR. REVY

AT&T's showing also fails for the more basic reason that its declarations do not establish, by a preponderance of the evidence, that any email actually reached Mr. Revy's inbox. The presumption of receipt arises only upon proof of a standard office procedure reliable enough to support an inference of delivery to the intended recipient; conclusory descriptions of a mass-

distribution system, offered years after the fact, do not suffice. *See CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550 (2021) (presumption depends on the reliability of the specific procedure invoked).

Several gaps undermine AT&T's foundation. AT&T's declarants describe a 2011–2012 email-distribution system, yet the motion does not establish that they possess personal knowledge of how that system actually functioned at that time, as opposed to a present-day reconstruction. More fundamentally, AT&T's evidence that emails were "delivered" and generated no bounce-back message establishes, at most, that messages were transmitted to a server without an automated failure notice.[1] It does not establish that any message was deposited into Mr. Revy's inbox, that it escaped automated filtering, or that Mr. Revy ever saw it. The absence of a bounce-back is not affirmative proof of receipt. Because AT&T cannot show a reliable, individualized basis for concluding that its emails reached Mr. Revy, the presumption never attaches, and AT&T cannot satisfy its burden of proving the making of the agreement. *Barrows*, 36 F.4th 45; *Schiffman*, 36 N.Y.3d 550.

## POINT III

## AT A MINIMUM, THE COURT SHOULD ORDER LIMITED DISCOVERY AND PROCEED TO TRIAL ON ARBITRABILITY

Should the Court conclude that AT&T has made a threshold showing sufficient to place the question of formation in genuine dispute, the proper course is to deny the motion and, if necessary, to permit limited discovery and hold a trial on whether the parties agreed to arbitrate. The Federal Arbitration Act expressly contemplates this result. Where the making of the agreement is in issue, the court must proceed to trial on that question. 9 U.S.C. § 4. Mr. Revy has identified

[1] AT&T's own records are internally inconsistent as to the very address to which it claims the emails were delivered. Ms. Reyes attests that Mr. Revy's corporate email address of record was "JR903h@att.com." Reyes Decl. ¶ 7. Yet the transmission log on which AT&T relies to establish delivery reflects "jr903h@us.att.com" on a different domain. *Id.* ¶ 18. AT&T neither acknowledges nor reconciles this discrepancy.

concrete factual disputes that can be resolved only after discovery into AT&T's distribution records, its delivery logs, and Mr. Revy's employment classification during the relevant period. At a minimum, then, the Court should deny the motion to compel and order limited discovery and a trial on arbitrability.

## CONCLUSION

For the foregoing reasons, Plaintiff John D. Revy respectfully requests that the Court deny Defendant's motion to compel arbitration and to stay these proceedings in its entirety, or, in the alternative, order limited discovery and a trial on the question whether the parties agreed to arbitrate, together with such other and further relief as the Court deems just and proper.

Dated: June 9, 2026
Glen Cove, New York

Respectfully submitted,

THE LAW FIRM OF ADAM C. WEISS, PLLC



Adam C. Weiss
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323
(516) 759-2556 (fax)
adam@acweisslaw.com

*Attorneys for Plaintiff John Revy*